IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) <br> ) No. 04 C 3055 <br> ) |
| Plaintiff, | ) Judge Marvin E. Aspen <br> ) |
| vs. | ) <br> ) Magistrate Judge |
| CONTINENTAL AIRLINES, INC., | ) Arlander Keys <br> ) |
| Defendant. | ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Defendant Continental Airlines, Inc.'s ("Continental") Motion to Compel the Production of the United States Equal Employment Opportunity Commission's ("EEOC") Investigative Memorandum. The EEOC investigated charges of discrimination, harassment, and retaliation filed by Continental's employee, Alaini Mustafaa. Continental now seeks to discover the EEOC's investigative report. For the reasons set forth below, Continental's Motion is denied.

**Background Facts**

Alaini Mustafaa is an African American woman, who began working for Continental on March 23, 1995. Ms. Mustafaa claims that, as one of the only African American females in a supervisory position, she was repeatedly subjected to harassment, discrimination, and retaliation at Continental. On October 1, 2001, Ms. Mustafaa filed with the EEOC a Charge of Discrimination, detailing Continental's alleged violations of

Title VII of the Civil Rights Act of 1964. 42 U.S.C. 2000e, *et seq*. (West 2005).

EEOC Investigator Tyler Graden headed the investigation into Ms. Mustafaa's Charge. After reviewing documents and interviewing witnesses, Mr. Graden issued an investigative report, which the EEOC relied upon in deciding how to proceed with Ms. Mustafaa's Charge. On April 28, 2004, the EEOC filed a complaint against Continental; the case was assigned to Judge Marvin E. Aspen.

During discovery, Continental served upon the EEOC its First Set of Interrogatories and Document Requests, including a request for "[a]ny and all documents contained in the Plaintiff's EEOC file concerning the individual charge of discrimination filed by Alaini Mustafaa (Charge No. 210A20007) against Defendant, or the investigation of said charges." Def.'s Request No. 2. The EEOC turned over responsive materials, but refused to produce the investigative report compiled by Mr. Graden. The EEOC argued that the report was protected by the governmental deliberative process privilege. Pursuant to Court Order, however, the EEOC agreed to produce Mr. Graden for a deposition.

On May 24, 2005, Continental deposed Mr. Graden. Mr. Graden testified that he had reviewed the investigative report in preparation for his deposition. In addition, the EEOC's counsel asked Mr. Graden about the method he used to compile the

investigative report. Counsel for Continental argued that the EEOC had crossed the line, waiving any claim that the investigative report was privileged. Not surprisingly, the EEOC disagreed. Despite attempts to resolve the dispute without the court's involvement, the parties could not reach an accord. Judge Aspen referred the matter to this Court for resolution.

## Discussion

Continental argues that the EEOC should be required to produce its investigative report, because it is relevant to the issues forming the basis of the litigation. Continental disputes that the deliberative process privilege applies, and further argues that, even if the EEOC could satisfy the prerequisites for application of the privilege, the EEOC waived the privilege by divulging the contents of the investigative report during Mr. Graden's deposition, and by having Mr. Graden review the investigative report before his deposition. The Court will address each argument in turn.

### A. The Governmental Deliberative Process Privilege

"Traditionally, government deliberations have been protected by a variety of qualified privileges in order to promote efficient and effective decision-making which is fueled by the free-flow of information." *In re Bank One Securities Litigation,* 209 F.R.D. 418, 426 (N.D. Ill. 2002) *citing United States v. Farley,* 11 F.3d 1385 (7th Cir. 1993) (recognizing that

the deliberative process privilege, which operated to protect pre-decisional documents created by the Federal Trade Commission, encouraged frank discussion of legal and policy matters). One such privilege, the deliberative process privilege, protects the decision-making process of government agencies in certain circumstances. *EEOC v. Sears, Roebuck & Co.*, 111 F.R.D. 385, 390 (N.D. Ill. 1986). Specifically, the privilege extends only to "predecisional" governmental documents, which reveal the "give and take of the consultative process." *EEOC v. Stauffer Chemical Co.*, No. 89 C 2725, 1990 WL 19967, at *1 (N.D. Ill. Feb. 27, 1990) (explaining that predecisional documents are generated before the adoption of an agency policy or decision).

In the instant case, the EEOC's investigative report, which the Court viewed *in camera*, clearly constitutes a predecisional governmental document that is "actually . . . related to the process by which policies are formulated." *Brown v. United States Patent and Trademark Office*, 355 F. Supp.2d 940, 942 (N.D. Ill. 2005) (quoting *Jordan v. Unites States Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978) (en banc)). The report was created before the EEOC made its decision to pursue its enforcement action against Continental, readily satisfying the predecisional prong of the deliberative process privilege test.

Turning to the second prong of the privilege's test, the Court concludes that the report was created for the purpose of

assisting the EEOC in its decision regarding Ms. Mustafaa's Charge. The investigative report reflects Mr. Graden's impressions about the information learned during the course of his investigation, and contains recommendations to his EEOC superiors with respect to Ms. Mustafaa's EEOC Charge[1]. As Judge Aspen stated, "[i]t is precisely these types of records that the deliberative process privilege is designed to protect." *Brown*, 355 F. Supp.2d at 942.

In addition to making this showing, the EEOC has also complied with the formal requirements for asserting the privilege by having its department head, EEOC Chair Cari M. Dominguez: 1) make a knowing and formal claim of privilege; 2) submit a Declaration stating the precise reasons for preserving the confidentiality of the investigative report; and 3) identify and describe the documents. *See K.L v. Edgar*, 964 F. Supp. 1206, 1209 (N.D. Ill. 1997). Because the EEOC has satisfied its threshold burden of establishing that the privilege applies, Continental now has the burden of showing a particularized need for the investigative report. *Id.*

---

[1] Continental argues that the investigative report contains purely factual material and is, therefore, discoverable. To the contrary, as Mr. Graden testified, Mr. Graden's report does not contain all facts unearthed in the investigation, and instead is a compilation of those facts deemed most important. In addition, the investigative report includes summaries of witness testimony with respect to certain issues, commentary and notes regarding this evidence, and timelines. The Court rejects Continental's attempt to label the report as purely factual.

5

In weighing Continental's need for the material against the EEOC's need for privacy, the Court considers: 1) the relevance of the evidence sought; 2) the availability of other evidence; 3) the government's role in the litigation; 4) the seriousness of the litigation and the issues involved in it; and 5) the extent to which the disclosure would hinder frank communications within the governmental agency. *Id.*

Initially, the Court concludes that, when viewing the investigative report in its entirety, the information in the report is clearly relevant to the primary issue of discrimination. The Court acknowledges that "[t]he existence of probable cause to sue is generally and in this instance not judicially reviewable," *EEOC v. Caterpillar,* 409 F.3d 831, 833 (7th Cir. 2005), but the evidence unearthed by Mr. Graden and documented in the investigative report goes to the heart of the underlying claims of discrimination.

Nevertheless, "relevance alone is an insufficient reason for breaching the deliberative process privilege." *Farley,* 11 F.3d at 1390. More important is the fact that Continental has not shown that its need for the materials outweighs the EEOC's interest in not disclosing the investigative report. *Id.* at 1389-90. The information that Continental purportedly seeks has already been made available to Continental. In particular, the EEOC produced the facts contained in the report to Continental

when it turned over the interview notes. Because the EEOC has produced all of the source materials to Continental, the information Continental purportedly seeks is already available to Continental, and Continental cannot make the requisite showing of particularized need[2].

Requiring the EEOC to produce the investigative memorandum when it has already produced the underlying source material would reveal nothing more than Mr. Graden's deliberations and assessment of the evidence. Subjecting such deliberations and assessments to disclosure would hinder future agency communications; courts cannot expect frank and open internal communications if "each remark is a potential item of discovery and front page news." *Enviro Tech Int'l, Inc. v. U.S. Environmental Protection Agency*, 371 F.3d 370, 374 (7th Cir. 2004).

Because the Court concludes that Continental has not demonstrated a particularized need for the investigative report, the privilege applies and the Court turns to Continental's claims of waiver.

### B. The EEOC Did Not Waive the Privilege

Continental argues that the EEOC waived any claim that the

---

[2] Indeed, even if the EEOC had not produced the source materials, Continental has not demonstrated why it is unable to conduct the same investigation undertaken by the EEOC.

investigative report is privileged[3], because: 1) Mr. Graden revealed the substance of the investigative report at his deposition; and 2) Mr. Graden reviewed the report to refresh his memory in preparation for his deposition.

Continental notes that, during Mr. Graden's deposition, the EEOC's counsel questioned Mr. Graden about his preparation of the investigative report. Specifically, the EEOC's counsel asked Mr. Graden: 1)"When you did your investigative memorandum for this case, did you put all of the facts and evidence obtained during your investigation into the investigative memorandum?"; 2) "How did you decide which ones to put into the investigative memoradum?"; 3) "what process do you use to decide what to put in?" See Graden Dep. at pp. 137-38. Citing *Shell Oil Co. v. Internal Rev. Serv.*, 772 F. Supp. 202, 209-10 (D. Del. 1991), Continental argues that this prodding into the decisions Mr. Graden made during his preparation of the investigative report constitutes waiver. The Court disagrees.

In *Shell Oil,* the court found that the IRS had waived the deliberative process privilege with respect to its draft

---

[3] In its opening brief, Continental asserts that the EEOC waived the privilege merely by bringing the enforcement action. The EEOC notes that courts in this Circuit have upheld the privilege in enforcement actions, see, e.g., *EEOC v. St. Michael Hosp.*, No 96-C-1428, 1997 WL 665757 (E.D. Wis. Sept. 26, 1997); *EEOC v. Sears, Roebuck and Co.*, 111 F.R.D. 385 (N.D. Ill. 1986). Instead of addressing the EEOC's authorities, Continental abandons the argument in its Reply Brief.

definition of "tar sands," after an IRS employee read the definition from a draft notice of proposed rule making at a public meeting of both governmental and industry officials. *Id.* at 206. The *Shell Oil* court accepted the defendant's argument that "if an authorized disclosure is made to a non-federal party and the disclosure is not necessary to effect the purpose of the document, a waiver occurs." *Id.* "[T]he *Shell Oil* court was animated by a fear of empowering agencies to selectively disclose materials publicly." *Sherman v. U.S. Dept. of Army,* 244 F.3d 357, 363 n. 9 (5th Cir. 2001).

Because the EEOC has not selectively disclosed information and then sought the shelter of privilege, *Shell Oil* is readily distinguishable. In *Shell Oil*, the defendant sought to discover the precise information that the government had already leaked to selected parties - ie., the draft definition of tar sands. Conversely, the EEOC has revealed neither selected portions of its investigative report, nor revealed the report (in its entirety or otherwise) to select non-public individuals.

Instead of revealing the substance or specifics of the report, Mr. Graden's deposition described, in a very broad and general sense, the manner in which this EEOC investigative report, and other investigative reports, are compiled, and the method employed to determine what evidence to include/exclude from the report. The EEOC elicited this information in an

9

attempt to establish the existence of the deliberative process privilege. Mr. Graden did not identify specific facts that he included or excluded, or what commentary he included in the report.

If Mr. Graden had allowed other non-governmental entities to view the report, or had selectively disseminated all or part of the report in an attempt to advance the EEOC's case, the Court agrees that, in accord with the analysis in *Shell Oil,* a waiver would have occurred. But that is not the case; Mr. Graden did not selectively disclose any substantive information contained in the investigative report. Thus, the Court finds that the EEOC did not waive the privilege when Mr. Graden answered questions regarding the compilation of the investigative report.

Next, Continental argues that the EEOC waived the deliberative process privilege, because Mr. Graden reviewed the investigative report to refresh his recollection prior to his deposition. Citing *Wheeling-Pittsburgh Steel Corp. v. Underwriters Labs., Inc.,* 81 F.R.D. 8, 9 (1978), Continental notes that Federal Rule of Evidence 612 authorizes the disclosure of privileged documents relied upon by a witness while testifying. The EEOC seeks to discredit Continental's analysis in a footnote, by referring the Court to the discussion in *Suss v. MSX Int'l Engineering Services, Inc.,* 212 F.R.D. 159, 165 (S.D.N.Y. 2002). While the EEOC's argument on the point is

brief, the *Suss* court's thorough analysis of Rule 612 is persuasive.

Federal Rule of Evidence 612 authorizes the disclosure of an otherwise privileged document if it is used by a witness to refresh his memory for the purpose of testifying. Specifically, Rule 612 provides that:

> If a witness uses a writing to refresh memory for the purpose of testifying . . .
>
> 1) while testifying, or
> 2) before testifying, if the court in its discretion determines it is necessary in the interest of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

Fed. R.Evid. 612. The purpose of the Rule is to allow a party to properly cross-examine a testifying witness. *Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613, 615 (S.D.N.Y. 1977).

Notably, disclosure of a document relied upon by a testifying witness is not mandatory. The Advisory Committee Notes to Rule 612 state that "nothing in the Rule [should] be considered as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory." Advsry. Comm. Notes. Fed. R. Evid 612. "In applying Rule 612, courts must balance the tension between the disclosure needed for effective cross-examination and the protection against disclosure afforded by any relevant privilege." *Suss*, 212 F.R.D. at 163.

11

When a witness uses a writing while testifying, the scales generally tip in favor of disclosure. *See, e.g., Bailey v. Meister Brau, Inc.*, 57 F.R.D. 11 (N.D. Ill. 1972). However, courts have exercised their considerable discretion in deciding whether a writing must be produced when a witness has reviewed the document prior to testifying. *Suss*, 212 F.R.D. at 163. For example, the *Suss* court focused on two questions -- 1) was the privilege properly invoked; and 2) did some action of the party seeking to invoke the privilege act as a waiver? - in concluding that the witness did not waive the attorney client privilege by reviewing documents prior to his deposition. *Id.* at 163-64. The court stated that "given the special protection afforded by the attorney-client privilege, the Court finds no reason to order disclosure." *Id.* at 165.

Defendant argues that *Suss* is readily distinguishable, because the deliberative process challenge is not as broad as the attorney-client privilege. True enough. But *Suss* provides a framework for assessing challenges to other privileges, explaining that the particular balancing undertaken by the court should be tailored to the privilege asserted. *Id.* at 163. For example, a court weighing whether a work-product privilege has been waived, should assess factors at the heart of the work product privilege - such as substantial need and undue hardship. *Id.*

Like the work-product privilege, the deliberative process privilege is a qualified privilege that may be overcome if a party demonstrates sufficient need of the otherwise privileged material. *Brock v. Weiser*, No. 86 C 2129, 1987 WL 12686, at *1 (N.D. Ill. June 15, 1987). The fact that Mr. Graden consulted his own investigative report prior to his deposition does not heighten Continental's need for the material. How Mr. Graden prepared his report, and the method used to decide which facts to include and which to exclude are simply not relevant to the underlying litigation. In addition, there is no evidence that Mr. Graden or the EEOC attempted to gain an unfair advantage by having Mr. Graden consult the report and then refuse to disclose it; nor does the Court see how such a result could occur even if not intended. So, while Mr. Graden's review of the investigative notebook may have impacted his testimony, the testimony at issue does not involve substantive issues in this case. It involves only the EEOC's internal decisionmaking process, which is not relevant to this enforcement action[4]. *See EEOC v. St. Michael Hosp.*, No. CIV A 96-C-1428, 1997 WL 665757, at *2 (E.D. Wis. Sept. 26, 1997)(finding that the employer may

---

[4] This finding is distinguished from the Court's previous conclusion that the entire investigative report is relevant to the underlying litigation. Mr. Graden's report contains relevant factual information, while Mr. Graden's testimony about the compilation of the report concerns only the EEOC's decision-making process.

not litigate, as a preliminary matter, the reasonableness of the EEOC's determination).

Continental has failed to demonstrate how the interests of justice are served by requiring the EEOC to disclose the investigative report, simply because Mr. Graden reviewed the report prior to his deposition. *Derderian v. Polaroid Corp.*, 121 F.R.D. 12, 17 (D. Mass. 1988). Therefore, the Court concludes that it would be inappropriate to allow Continental to access the investigative report.

## Conclusion

For the reasons set forth above, the Court finds that the EEOC has properly established that the deliberative process privilege applies. Continental's claims of waiver are without merit. Therefore, Defendants' Motion to Compel is Denied.

DATED: October 11, 2005      E N T E R E D:

*Arlander Keys*
Arlander Keys
United States Magistrate Judge